921 So.2d 685 (2006)
Christopher EVANS, Appellant,
v.
TRADESTATION GROUP, INC., Appellee.
No. 4D04-3287.
District Court of Appeal of Florida, Fourth District.
January 25, 2006.
James Beagle of James Beagle, P.A., Fort Lauderdale, for appellant.
Richard B. Jackson and Jose G. Sepulveda of Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, for appellee.
KLEIN, J.
This is an appeal from a summary judgment which enforced a non-compete contract involving trade secrets, and the employee appeals, arguing that there was an anticipatory breach of the contract by the employer. We conclude that there are issues of fact and reverse.
Employer is an internet-based security brokerage company which provides highly technical methods for the electronic trading of securities for institutional, and individual *686 securities traders. Evans, who began working for the employer in 1994, entered into an employment agreement in July, 2001, but was terminated by the company in September, 2002. When he left he was a vice-president working in product development and product management. The agreement restricted Evans from similar employment for two years, but also provided that if he was offered such employment and the employer wished to enforce the covenant not to compete, it would pay Evans a specified amount for the two year period.
About a month after Evans left the employer, he notified the employer by letter that he had formed a corporation, Global Market, which had offered him similar employment. He went on to state in the letter that if the employer did not consent to this employment, it was his position that the payment-not-to-compete provision in the contract would apply. The employer responded that the payment-not-to-compete provision did not apply to a former employee "who is owning or managing, in whole or in part, his own business." Evans then sued for declaratory relief, and the employer counterclaimed to enforce the agreement. The trial court granted the employer's motion for summary judgment, enjoining Evans from competing and holding that Evans was not entitled to be paid for not competing.
The paragraph in which the payment-not-to-compete provision is contained provided:

(b) Payment for Covenant-Not-to-Compete. Employer and Employee both believe that, due to the specialized nature of Employer's business, it would not be difficult for Employee, upon termination of Employee's employment, to find gainful employment or have other business pursuits which are not violative of the restrictions set forth above, as there are several industries and lines of business in which Employee could work which are dissimilar to, and not competitive with Employer's business. However, Employer understands that such restrictions may limit Employee's new employment options following a termination of Employee's employment with Employer. Accordingly, if following termination of employment with Employer, Employee is offered a position which, if accepted, would violate the restrictive covenants set forth above, Employer will either (i) consent to Employee accepting employment restricted by subsection (a) above, or (ii) not consent, but pay Employee additional consideration for Employee remaining bound by such restrictions. In order to receive the benefit of these provisions, Employee must be and remain in compliance with all provisions of this agreement... [emphasis supplied]
We agree with Evans that the issue of whether he was entitled to be paid for not competing could not be properly resolved by summary judgment. The contract does not preclude Evans from being paid to work for a company he formed. In addition, there are factual issues as to whether the employer anticipatorily breached, or was acting in good faith when it took the position that the payment-not-to-compete provision did not apply. New York Life Ins. Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971 (1936) (an erroneous interpretation of a contract by a party which is asserted in good faith is not an anticipatory breach).
We do not agree with Evans that his motion for summary judgment should have been granted, because there are issues of fact as to whether the offer was a bona fide offer which would entitle him to be *687 compensated under the contract. Reversed.
POLEN and SHAHOOD, JJ., concur.